## No. 180

## FOURTH & CENT. TR. CO. v. JOHNSON

### No. 20320. Supreme Court

On mot. to cert. Dock. Feb. 10, 1927; 5 Abs. 105.

475. ESTOPPEL—Is claim of negligence in handling bank account, as an estoppel against suit to recover on honored forged checks, a question for court or jury?

#### First Publication of this Case

The Trust Co. contends in the Supreme Court that where they have honored forged checks, and they set up negligence of maker as defense of estoppel, that same is question for jury and not court.

Attorneys—W. J. Reilly, Cincinnati, for Bank; Vorys, Sater, Seymour & Pease, Columbus, for Johnson.

---

## No. 181

## WEISBERG v. STATE

### No. 20302. Supreme Court

Motion for leave to file petition in error. Dock. Feb. 1, 1927, 5 Abs. 73.

147. BILLS & NOTES—Is a post dated check a bill of exchange or is it a check as contemplated by Sec. 710-176 GC?

#### First Publication of this Case

David Weisberg was indicted on a charge of issuing a check with intent to defraud. Weisberg and the State ase agseed that the check while given Aug. 5. 1925 was dated August 6th, the only difference coming on part of the prosecuting witness, wso stated that at the time of receiving the check, he did not know it was post dated.

Weisberg was found guilty and the question presented is whether or not the court committed error in charging that "a check which is post-dated, that is dated ahead of the time of delivery, is a check within the meaning of this statute covering checks.. It is a check just as though it were dated on the day that it was written. The words "uttering and delivering" for the purpose of this lawsuit - - - mean the same thing- - - -."

It is contended that plaintiff in error, having given the prosecuting witness a post-dated instrument, he could not have been found guilty of 710-176 GC., which provides that "Any person, who with intent to defraud, shall make a draw or utter or deliver any check, draft or order for payment of money upon any bank - - - - who at the time thereof has insufficient funds - - - - shall be guilty of a felony, etc."

It is further claimed that a draft for money drawn on a bank payable at a day subsequent to its date of issue is not a check, but a bill of exchange.

Attorneys—David Kammer for Weisberg; E. C. Stanton and E. L. Cohen for State; all of Cleveland.

---

## No. 182

## DeVAUGHN, Trustee v. SHIELDS CUTTER CO.

### No. 20187. Supreme Court

On motion to certify. Dock. Nov. 24, 1926, 4 Abs. 805.

313. CORPORATIONS—Can a corporation whose capital stock is impaired, purchase and retire its preferred stock, thereby leaving its creditors unpaid, by virtue of Sec. 3669 GC?

#### First Publication of this Case

The Cleveland Milling Machine Co. became financially involved and the representatives representing the three groups of stockholders, in a meeting, decided on a segregation agreement whereby one Shields who was the president of the old company was to assume some of the liabilities of the other interests; and that the company was to be known as the Shields Cutter Co. Through this agreement, stock of the other interests was retired, etc. and an action is brought by creditors prior to the segregation to recover money due them as such.

DeVaughn contends in the Supreme Court:—

1. That a corporation whose capital is impaired, cannot purchase and retire its preferred stock, thereby leaving its creditors unpaid, by virtue of 8669 GC.

2. That a corporation whose capital is impaired cannot purchase its common stock, thereby leaving its creditors unpaid.

3. Whether or not the trust fund doctrine, as applied to corporations, shall continue to be applied in this State.

4. Whether capital assets of a corporation whose capital is impaired may be distributed to stockholders before paying creditors.

Attorneys—Thompson, Hine & Flory for DeVaughn; Mooney, Loeser & Keough, and White, Cannon & Spieth for Company; all of Cleveland.